CRIGLER & SON *v.* GIRE.

4-3889

Opinion delivered June 3, 1935.

*Charles F. Cole,* for appellants.
*J. R. Alexander,* for appellee.

HUMPHREYS, J. Appellee is a son of William H. Gire, who died intestate in 1914, leaving seven children and a farm of about seventy-five acres in Independence County, upon which he resided. A suit was instituted in the chancery court of said county in the spring of 1934 to partition same amongst the seven children of deceased, and a decree of partition was rendered on the 2d day of October, 1934. It was ascertained in the partition suit that the farm could not be divided in kind, and the sale thereof was ordered to be made on November 13, 1934, by a commissioner appointed for that purpose. Pursuant to the order, the commissioner advertised the sale of the land to be had on that date at the courthouse at Batesville. At the time the partition suit was instituted, a writ of garnishment was issued, directed to the First National Bank of Newark, Arkansas, to impound certain rents from the farm which had been deposited therein. The garnishee answered that it had in its possession certain funds belonging to the estate of William H. Gire, deceased, in which appellee was interested as an heir at law, and paid the amount into the registry of the court. On October 29, 1934, appellants, to whom appellee owed a note, obtained a judgment against him in Jackson County in a court of a justice of the peace for $168.18, upon which an execution was immediately issued and returned *nulla bona.* Thereupon, a transcript of the judgment was obtained and filed, on November 2, 1934, in the office of the circuit clerk of Independence County, upon which an execution was issued but not levied because the land involved in the partition suit was *in custodia legis* and had been ordered sold by the chancery court. Thereupon, appellants filed an intervention in said chancery court seeking to impress a lien upon appellee's interest in said land and to subject his interest in the

proceeds of the sale and rents to the payment of their judgment. On November 13, 1934, the land was sold by the commissioner, at which time appellants gave notice to the prospective purchasers of the existence of their judgment, and that they claimed a lien upon the interest of appellee in said land. The sale was reported to and approved by the chancery court, and a distribution of the proceeds was made and paid to the heirs except the portion belonging to appellee, which was retained by the commissioner under order of court until the intervention of appellants and the answer thereto of appellee might be heard and determined. This branch of the case was continued. Appellee then gave notice that he would claim the fund in court as exempt under the Constitution from process by creditors, and that on December 14, 1934, he would file a schedule of his personal property before the circuit clerk of Independence County, which he did in due form. On December 4, 1934, the chancery court heard the issue joined by the intervention and answer and the right of appellee to schedule and claim his property, including said fund, as exempt, and found that appellants' judgment was rendered on a debt based upon a contract, and that under the Constitution of the State he was entitled to file a schedule for his exemptions with the clerk of said circuit court, and dismissed appellant's intervention for the want of equity, from which is this appeal.

Appellants contend for a reversal of the decree upon the ground that by filing their judgment in the office of the circuit clerk of Independence County, they acquired a lien upon the interest of appellee in the land, the proceeds of which they could subject by intervention to the satisfaction of their lien. Their judgment was not filed in the office of the circuit clerk of Independence County until October 29, at which time the land was *in custodia legis* and had been ordered sold and converted into money. After an order of conversion by the chancery court, a creditor cannot acquire a lien upon it as land. Not having a lien upon the land at the time the order of conversion was made, he cannot be heard to say he has a lien upon the proceeds derived from the sale of the land. He must necessarily subject the proceeds to the

payment of the debt just as he would any other personal property belonging to appellee. Appellee had a right to claim his personal property as exempt by filing a schedule thereof in the manner required by law, so the decree of the chancery court in dismissing the intervention was correct.

No error appearing, the decree is affirmed.